**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| ROBERT CAMPBELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 7:07-CV-123 (WLS) |
| | * | 42 U.S.C. § 1983 |
| OFFICER WILLIE CHARLES, | * | |
| | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATION

Before the court is Defendant Clemons' Motion for Summary Judgment.[1] (R-16). The Plaintiff was notified of his right to respond (R-19), but has failed to do so.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure, dealing with motions for summary judgment, provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c); Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.

---

[1]Plaintiff named Officer Willie Charles as the sole Defendant in this case. The complaint was answered by Officer Willie C. Clemons, who is believed to be the actual Defendant.

1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the non-

movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384, 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991). Motions for summary judgment are normally decided based on the pleadings, and the discovery of record, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The party upon whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails or refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law. Specifically, Federal Rule of Civil Procedure 56(e) provides, that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for**

**trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party**. (emphasis added).

## PROCEDURAL HISTORY

On September 26, 2006, Plaintiff filed the current 42 U.S.C. § 1983 suit alleging the Defendant Clemons violated his constitutional rights by conducting an illegal search and seizure of Plaintiff's residence. The Plaintiff's complaint requests $100,000 in compensatory damages for mental anguish and loss of wages and $20,000 in punitive damages. (R-2, p.4).

## MOTION FOR SUMMARY JUDGMENT

Defendant Clemons asserts in his Motion for Summary Judgment that by failing to respond to his request for admissions within the time allowed by law, Plaintiff has admitted: (1) that there was no negligence on the part of Defendant which was the proximate cause of Plaintiff's injuries as described in Plaintiff's complaint; (2) that there was no act or omission to act on the part of Defendant which gives Plaintiff any cause of action as described in Plaintiff's complaint; and (3) that there was no conduct, wrongful or otherwise, on the part of Defendant which gives Plaintiff any cause of action against the Defendant under the constitution or law of the United States or under the constitution or laws of the State of Georgia. (R-17). Defendant asserts that by virtue of these admissions, no genuine issue of material fact remains.

## DISCUSSION

Rule 36 of the Federal Rules of Procedure, governs requests for admissions. Rule 36 provides:

> (a) **Request for Admission**. A party may serve upon another party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1)[2] set forth in the request that relate to statements or opinions of fact or the application of law to fact, including the genuineness of any documents described in the request. . . . Each matter in which an admission is requested shall be separately set forth. The matter is admitted unless, within the 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. . . . An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request . . .
>
> **(b) Effect of Admission**. Any matter admitted under this rule is conclusively established unless the court on motion permits the withdrawal or amendment of the admission.

Defendant mailed his First Request for Admissions to Plaintiff on March 22, 2007. (R-18-2, Exhibit "A"). Defendant received no response to said Requests. By failing to

---

[2] Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . ." *Federal Rule of Civil Procedure* 26(b)(1).

respond to Defendant's request for admissions (R-18-2) within the time allowed by law, Plaintiff has therefore admitted: (1) that there was no negligence on the part of Defendant which was the proximate cause of Plaintiff's injuries as described in Plaintiff's complaint; (2) that there was no act or omission to act on the part of Defendant which gives Plaintiff any cause of action against the Defendant as described in Plaintiff's complaint; and (3) that there was no conduct, wrongful or otherwise, on the part of Defendant which gives Plaintiff any cause of action against the Defendant under the constitution or law of the United States or under the constitution or laws of the State of Georgia.

## CONCLUSION

To preclude summary judgment once the Defendant has provided evidence failing to show that any issues of fact remain, the Plaintiff must establish by going beyond the pleadings that there are still genuine issues of material fact to be resolved by a fact-finder. *See, Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). As stated above, genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. Federal Rule of Civil Procedure 56 provides that affidavits, among other discovery evidence, will be used in determining whether any issues of fact remain which should be submitted to the trier of fact for final determination. Having submitted admissions made by Plaintiff Campbell, Defendant Clemons, as the moving party, has met his burden of proof. That is, he has demonstrated to the court the basis for the motion which he believes shows that there is an absence of any genuine issue of material fact. In response, when the burden

of proving that the Defendant was not entitled to a judgment as a matter of law shifted to the Plaintiff, he failed to respond. The evidence was examined by this court in a light more favorable to the Plaintiff, as is required by the holding in *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). Therefore, it is recommended that Defendant's Motion for Summary Judgment be granted as Plaintiff has failed to provide evidence to show that any material fact upon which relief may be granted still exists.

**ACCORDINGLY**, because it appears that Defendant is entitled to judgment as a matter of law, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that Defendant's Motion for Summary Judgment be **GRANTED** as to all Claims. Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 29th day of October, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw